RECEIVED
IN LAKE CHARLES, LA.

OCT 26 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| JORGE ANTONIO MOLINA MARTINEZ<br>FED. REG. # 20162-058 | CIVIL ACTION NO. 09-0904 |
| VS. | SECTION P |
| | JUDGE TRIMBLE |
| WARDEN | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Jorge Antonio Molina Martinez filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 2, 2009. When he filed this petition he was incarcerated at the Federal Correctional Institution, Oakdale, Louisiana; however, he has since been transferred to the United States Penitentiary, Pollock.[1] He attacks his 2005 convictions for distributing cocaine and for conspiring to distribute cocaine in the United States District Court for the Western District of North Carolina which resulted in his present confinement. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

On August 30, 2005, petitioner was convicted of distributing cocaine and conspiring to

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this division of the Western District of Louisiana when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

distribute cocaine following trial by jury in the United States District Court for the Western District of North Carolina. *United States of America v. Jorge Antonio Molina Martinez*, No. 3:04-cr-297, at rec. doc. 41. The Court imposed two concurrent sentences of 188 months. *Id.* at rec. doc. 47.

He appealed his conviction to the Fourth Circuit Court of Appeals. That Court affirmed his conviction and sentence in an unpublished per curiam decision on May 7, 2007. *Id.* at rec. doc. 65-66.

In July 2008, and again in February 18, 2009, he filed collateral attacks entitled "Amendment One Petition to Government for Redress of Grievances" and "Petition for Redress of Grievances." *Id.* at rec. doc. 67, 69. The former motion was denied and dismissed on July 14, 2008, and the latter remains pending. *Id.* at rec. doc. 68.

Petitioner filed his *habeas* in this court on June 2, 2009. According to petitioner, he is unlawfully incarcerated and absolutely innocent of committing any criminal acts. In support of this claim he argues that he was abandoned by his defense counsel who failed to raise claims of sufficiency of evidence and the absolute nullity and invalidity of the federal criminal statutes used to prosecute him.

### *Law and Analysis*

Petitioner seeks relief pursuant to 28 U.S.C. § 2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d

1111, 1113 (5th Cir. 1990).

Petitioner collaterally attacks his convictions arguing actual innocence, various jurisdictional defects, insufficiency of the evidence, and ineffective assistance of counsel. Thus, petitioner's claims are more appropriately raised in a § 2255 Motion to Vacate and not a petition for *habeas corpus* pursuant to § 2241.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy § 2255's "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; and, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's timeliness requirements does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present

claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in a Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. See *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Therefore, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Lake Charles, Louisiana, this 25th day of October, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4